CARROLL H. WENTWORTH ET AL.

*vs.*

PHILIP F. CHAPMAN ET AL.

Cumberland.   Opinion, August 5, 1944.

*Franklin R. Chesley,* for the plaintiffs,

*Frank H. Haskell,*

*Chapman* & *Chapman,* by *Clark D. Chapman,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM.

The issues raised by the exceptions herein originate in an action on the case brought by the plaintiffs against the defendants Philip F. Chapman et al., former directors of the Preble Corporation, to recover dividends alleged to have been unlawfully voted and wrongfully and illegally paid to stockholders by said Preble Corporation in violation of Chap. 51, Sec. 34, R. S. 1916. The writ, dated September 30, 1943, was returnable to the November term, 1943, of the Superior Court for Cumberland County. Defendant Chapman appeared specially by attorney and filed a motion requesting the presiding Justice to stay further proceedings in said action (as provided in the Soldiers' and Sailors' Civil Relief act of 1940, October 17, 1940, Chap. 888, Sec. 201, 54 Stat. 1178-1181, 50 U. S. C. A. Appendix Par. 521), for the reason, as stated in the exceptions, "that he is in the military service of the United States and is unable to properly prepare and present his defense in said action."

The motion was granted and the action was stayed until further action of the Court. This decision was rendered on November 29, 1943. On the first day of the December term, 1943, to wit, December 7th, the plaintiffs filed a motion to vacate the order and decree staying said proceedings. Following hearing on the motion to vacate the said order filed at said December term, the Judge then presiding ruled that the said Chapman is a Temporary Coast Guard Reservist and is not entitled as such to the benefits of the Soldiers' and Sailors' Civil Relief Act, and ordered that said stay order, dated November 29, 1943, be vacated, and the Court then further ordered that said case be in order for trial at the February term of the Superior Court within and for said County of Cumberland on the first Tuesday of February, A. D. 1944.

The defendants present exceptions to five rulings of the Court below, viz., (1) admission of evidence, (2) that the

said Chapman is not in the military service of the United States and is not unable properly to prepare and present his defense in said action, (3) sufficiency of probative evidence in support of ruling that said Chapman is not entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act, (4) constitutionality of said Act as against the claim that "it abridges his" (Chapman's) "privileges and immunities as a citizen of the United States," and (5) the vacating and overruling of the previous order granting a stay of said action.

Of these exceptions, only the first requires consideration. This raises the admissibility of certain carbon copies of letters written by plaintiffs' attorney to defendant Chapman. These copies constituted secondary evidence, and under Rule of Court XXVII were not admissible, unless previous notice had been given to produce the originals, which was not done. Futhermore, the letters contained self-serving statements. We consider the admission of this evidence erroneous and prejudicial.

*Exceptions sustained.*